[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought this action against the defendants for wrongful discharge, based on his claim that he was wrongfully terminated from his employment in retaliation for his exercise of rights afforded to him pursuant to the Workers' Compensation Act. The defendants have denied these allegations, have interposed special defenses which the plaintiff has denied, and have also filed a five-count counterclaim which the plaintiff has now moved to strike. The essence of the plaintiff's position is that the counterclaims do not "arise out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . ." Practice Book § 116.
The gravamen of the plaintiff's complaint is that he was employed by the defendants, was injured on the job, and was fired as retaliation for his having made a workers' compensation claim. The essence of count one of the counterclaim is that the plaintiff was employed by the defendants, that he also rented a house from the defendants, that when he fell behind on the rent, he was permitted to work off part or all of the rent by doing repair work on the property or through a payroll deduction from the plaintiff's paycheck, and that the plaintiff is in arrears by approximately $3500 with respect to his rental payments and utility charges. The essence of count two of the counterclaim is that, in retaliation for his discharge by the defendants, the plaintiff caused damage to the house that he rented from the defendants. The essence of count three is that the defendants lost rent as the result of the damage done by the plaintiff. The essence of count four is that the defendants have not been able to offer the damaged property for sale. The essence of count five is that, prior to his having been discharged by the defendants, the plaintiff wrongfully obtained wages from them by doing such things as "punching in" on the defendants' time clock and then undertaking independent contractor work paid for by third parties.
Other than that all five counts of the counterclaim make reference to the fact that the plaintiff had been employed by the defendants, there is little in common between the retaliatory discharge allegations of the plaintiff's complaint and those of the counterclaim. The transaction that is the subject of the plaintiff's complaint is his allegedly wrongful discharge; the CT Page 1953 transactions which are the subject of the counterclaim are various torts and contractual claims which are totally unrelated to the plaintiff's claim that he was discharged for invoking his workers' compensation rights. Although the purposes of Practice Book § 116 are "judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action . . ." Conservation Commission v. Price,193 Conn. 414, 433 (1984), the defendants' counterclaims are essentially an effort to accomplish the opposite result, namely to force a single resolution of what ought to be separate actions.
The motion to strike is therefore granted.
Jonathan E. Silbert, Judge